IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER AND | : | |
| LAURA WARDEN, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD WALLACE, et al., | : | No. 08-4245 |
| Defendants. | : | |

<u>MEMORANDUM</u>

**Schiller, J.**                                                                                                                 **June 24, 2009**

Plaintiff Westley Retzler has filed fifteen Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints name a myriad of individuals and entities, with many Defendants named in multiple lawsuits. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

The above-captioned case centers around the failure of Bristol Township officials to respond to Plaintiffs' claims of harassment and illegal activity against them by members of the community. This lawsuit names seventeen different individuals and entities as Defendants. Four motions to dismiss are currently before this Court. For the reasons below, the motions are granted.

**I.     BACKGROUND**

According to Retzler, "[o]n several occasions over the last few years since 2000 the police have simply not responded or ignored crimes that have been committed against plaintiffs." (Compl. at 2.) Retzler details a number of incidents to support this allegation. For example, he claims that

on September 1, 2006, he called the Bristol Township Police after two young males forced Retzler's car into oncoming traffic, clipped the door handle of his vehicle, and then proceeded to yell at Retzler and to kick his car. (*Id*. at 2-3.) Retzler called the police, but the officer who arrived on the scene, Officer Edward Wallace, showed no interest in the damage to Retzler's car. Retzler's follow-up with the Bucks County Detectives has not resulted in any criminal charges being filed.

On September 5, 2006, Retzler called the police because somebody had set off large professional fireworks near Plaintiffs' property, which "rattled everything in the home," but the police failed to respond. (*Id*. at 2.)

On October 19, 2006, during a Bristol Township Council meeting, Retzler claimed that Bristol Township Police Chief James McAndrew called Retzler "a [expletive deleted] nut" in need of "a psychiatric evaluation." (*Id*. at 4.)

Retzler also laments the unprofessional behavior of Bristol Township police officers, alleging that he witnessed officers, including Officer Wallace, manhandle a "Negro homeless man dragging him outside put him on the ground outside their vehicle beat him while he was on the ground then without resistence used excess force to put the Negro male into the patrol car." (*Id*. at 4-5.)

The bulk of the remaining pages of the Complaint lists eleven separate incidents, from June 14, 2005 to July 1, 2006, in which Retzler alleges wrongs suffered by him and Warden at the hands of Bristol Township police officers. Most of the incidents allege property damage and assaults accompanied by a failure to take action on Retzler's behalf, despite repeated requests.

As a result of the reign of terror visited upon Retzler and Warden "since 1998," they seek damages for, *inter alia*, deprivation of their quality of life, defamation, mental anguish, alienation of affection, conspiracy to deprive them of their civil rights, conspiracy to harass, failure to respond,

and failure to prosecute. Ultimately, the Court understands Plaintiffs' Complaint as alleging civil rights violations and therefore brought under 42 U.S.C. § 1983.

Retzler and Warden filed for IFP status on September 2, 2008 and their requests were granted on September 12, 2008. The Complaint in this action was filed September 12, 2008.

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should read the allegations in the light most favorable to the plaintiff and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Because Retzler is acting pro se, this Court must construe his Complaint liberally and apply the applicable law, even if Retzler failed to mention it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will

reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Simply reciting the elements will not suffice. *Id*. at 231.

Because Retzler is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies. Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2008). The frivolousness prong of the statute permits judges to examine the factual allegations of the complaint and dismiss claims whose factual contentions are clearly baseless. *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III.   DISCUSSION

#### A.   Claims Against Russell P. Sacco

The Court cannot find a single mention of Sacco's name or title in the Complaint. Apparently, Sacco is the Solicitor of Bristol Township. (Sacco Mot. to Dismiss ¶ 3.) Because Sacco is not mentioned in the Complaint – which is reason alone to dismiss him from this case – the Court is left to guess as to why he is even involved in this litigation.

The bulk of Plaintiffs' Complaint objects to Defendants' failure to hold those who have wronged Plaintiffs accountable for their actions. But, as this Court has informed Retzler on numerous occasions, the failure to initiate a prosecution cannot serve as the basis for a civil rights claim. *See Reynolds v. Donate*, Civ. A. No. 07-131, 2007 WL 320754, at *2 (M.D. Pa. Jan. 30, 2007). A private citizen, such as Retzler, does not have a judicially protected interest in the criminal prosecution of another. *See Nelson v. Pennsylvania*, Civ. A. No. 97-6548, 1997 WL 793060, at *2

(E.D. Pa. Dec. 8, 1997); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, Sacco has no powers to arrest or charge individuals with crimes. (Sacco Mem. of Law at 6.) The case against Sacco is dismissed.

### B. *Monell* Claim Against Bristol Township

Plaintiffs' claim against Bristol Township is presumably a *Monell* claim. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a plaintiff may assert a § 1983 claim against a municipality if a policy, regulation, or decision officially adopted by the municipality caused a constitutional violation.

Reading the Complaint liberally, Plaintiffs have failed to raise a *Monell* claim. The Complaint mentions no policy, regulation, decision, or custom that could support a § 1983 claim against Bristol Township. Rather, Plaintiffs seek to hold Bristol Township liable for the actions of its employees. But it is well settled that "[a] municipality cannot be responsible for damages under section 1983 on a vicarious liability theory." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004); *see also Monell*, 436 U.S. at 694-95. Merely employing a tortfeasor is insufficient to establish § 1983 liability against a municipality. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see also Leatherman v. Tarrant County*, 507 U.S. 163, 166 (1993) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Plaintiffs claim that Bristol Township "does not need a separate policy" to ensure that the local police department does its job to protect citizens. (Pls.' Resp. to Mot. to Dismiss at 3.) This argument highlights that Plaintiffs are attempting to assert a claim against the township based on the failure of its employees to properly carry out their duties. Such a claim is a textbook example of respondeat superior liability and cannot sustain a *Monell* claim. Plaintiffs still point to no policy,

regulation, or decision made by Bristol Township that caused a violation of their constitutional rights; the claim against Bristol Township therefore must be dismissed.

### C. Claims Against Bristol Township Police Department

The Bristol Township Police Department is not a proper party to this lawsuit. A local police department may not be sued along with its municipality because the police department is not a separate legal entity. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997); *Toth v. Bristol Twp.*, 215 F. Supp. 2d 595, 599 (E.D. Pa. 2002) (dismissing Bristol Township Police Department because it cannot be sued alongside Bristol Township). Plaintiffs contend that this Defendant is properly in the case because it is being sued separately "as 2 (two) separate defendants." (Pls.' Resp. to Mot. to Dismiss at 3.) Plaintiff's statement is legally incorrect and the case against the Bristol Township Police Department is dismissed.

### D. Claims Against Officer Tolosky

Officer Tolosky's name appears once in the Complaint. On February 23, 2004, Retzler alleges that he was harassed by William Fisher, but that Officer Rink and Lieutenant Tolosky were "put on no show list." (Compl. at 6.)

Officer Tolosky is dismissed from this case. Retzler's claim against Tolosky is frivolous as it fails to mention any action he took against Retzler. Furthermore, Retzler's claim against Officer Tolosky is also well outside any statute of limitations for a civil rights claim. Claims brought under § 1983 are subject to state law statutes of limitations governing personal injury actions. *Garvin v.*

*City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2000).  In Pennsylvania, this is two years.  42 PA. CONS. STAT. ANN. § 5524 (2009).

      E.      **Claims Against Officers Bertram, Egan, and Wallace**

According to the Complaint, Officer Wallace responded to Retzler's call to police following an incident on September 1, 2006, in which two males cut in front of Retzler's car, blocked his car, and proceeded to yell at him and kick his car.  (Compl. at 2-3.)  Retzler claims that Officer Wallace arrived at the scene of the disturbance "where he took the information and had no interest of my property that had been damaged."  (*Id.* at 3.)  Although Wallace promised to look into the matter, to date, Retzler has not heard back from him.  (*Id.*)

Officers Bertram and Wallace responded to Retzler's call on June 15, 2005 that Kyle Allen kicked and damaged Retzler's 1988 Plymouth and shouted obscenities at him.  (*Id.* at 8.)  Retzler alleges that the officers "went to the perpetrator and his friends and spoke to them in a relax [*sic*] atmosphere for several minutes."  (*Id.*)  Officer Bertram then said something to Officer Wallace and Wallace responded, "Well then cite him and end it."  (*Id.*)  Officers Bertram and Wallace then brought Allen to Retzler and made Allen apologize.  (*Id.* at 9.)  When Retzler arrived home, he learned that co-Plaintiff Warden also had called the police. (*Id.*)  Plaintiffs also report that Officers Bertram, Egan, and Wallace responded on June 16, 2005, when Warden summoned police about property damage to the vehicle.  Officer Wallace told Retzler that he "would be found dead on the street" and called him "crazy."  (*Id.* at 7.)  The three officers then departed.  (*Id.*)

These incidents, even assuming one can conjure up a cause of action from the allegations, fall outside the two-year statute of limitations for § 1983 claims.  Likewise, the April 2006 incidents that mention Officer Wallace also fall outside the statute of limitations.

7

But these claims suffer from another fatal defect, from which many of Plaintiffs' claims in his previous cases also suffered. The failure to initiate a prosecution cannot serve as the basis for a civil rights claim. *See Reynolds*, 2007 WL 320754, at *2. Private citizens, such as Retzler and Warden, do not have a judicially-protected interest in the criminal prosecution of another. *See Nelson*, 1997 WL 793060, at *2; *see also Linda R.S.*, 410 U.S. at 619. Furthermore, the decision to charge someone with a crime rests within the discretion of the prosecutor, not police detectives. *See Wayte v. United States*, 470 U.S. 598, 607 (1985).

The case against Officers Bertram, Egan, and Wallace is dismissed.

**F.     Claims against Police Chief McAndrew**

Retzler claims that at an October 19, 2006 Bristol Township Council Meeting, McAndrew called Retzler "a [expletive deleted] nut" who "need[ed] a psychiatric evaluation." (Compl. at 4.) He also claims that on October 20, 2005, McAndrew called him "a [expletive deleted] idiot" and that McAndrew and other members of the township were going to come after him. (Compl. at 10.)

These allegations, taken as true, fail to raise a constitutional violation. Additionally, the October 20, 2005 incident falls outside the two year statute of limitations for a § 1983 action and both incidents fall outside the one-year statute of limitations for defamation actions. *See* 42 PA. CONS. STAT. § 5523. Thus, McAndrew is dismissed from this case.

**G.     Claims against Diane and Jon Farago**

Although Plaintiffs listed Diane Farago, a private citizen, as a Defendant, the Complaint contains no allegations against her. Retzler's response to Diane Farago contends that she is responsible for "the mischievous actions of her minor children whom threatened Plaintiff Westley Retzler and inflicted damage of about five hundred dollars" on the vehicle owned by Retzler and

Warden.  (Pls.' Resp. to Farago's Mot. to Dismiss at 2.)  Plaintiffs' Complaint lacks any basis for holding Diane Farago responsible for the acts of her minor children.  The Complaint did not even allege that Farago had children.  Furthermore, the Complaint lacks any basis under which this Court can exercise jurisdiction over Pennsylvania Plaintiffs and a Pennsylvania Defendant when no federal question is present.  Diane Farago is therefore dismissed from this action.  The Court also dismisses Jon Farago from this lawsuit.  Although he did not file a motion to dismiss, Retzler's Complaint contains no allegations against Jon Farago and the lawsuit against him is therefore frivolous.  Plaintiffs claim that Jon Farago is responsible for his children's behavior, but the Court's analysis with respect to Diane applies equally to Jon, so he is also dismissed from this case.

## H. Claims Against Bucks County District Attorney

In *Reitz v. County of Bucks*, the Third Circuit held that the Bucks County District Attorney's office is not an entity that can be sued under § 1983.  125 F.3d 139, 148 (3d Cir. 1997).  Thus, Plaintiffs' claims against the Bucks County District Attorney's Office are dismissed.

## I. Claims Against Bucks County Detectives

The Bucks County Detectives are not a proper party to this lawsuit.  A local police department may not be sued along with its municipality because the police department is not a separate legal entity.  *See Padilla*, 110 F. App'x at 278; *see also Bonenberger*, 132 F.3d at 25 n.4; *Toth*, 215 F. Supp. 2d at 599.  Additionally, persons working for the Bucks County Detectives are employed by the Bucks County District Attorney's Office.  In *Reitz v. County of Bucks*, the Third Circuit held the Bucks County District Attorney's office is not an entity that can be sued under § 1983. 125 F.3d at 148.  It follows that the Bucks County Detectives is also free from lawsuits under § 1983.  The case against it is therefore dismissed.

### J.     Claims Against Detective Timothy Carroll

According to the Complaint, on October 23, 2003 Plaintiffs contacted Carroll in reference to an October 17, 2002 incident in which McAndrew told them, "You been in trouble with your neighbors in the last four (4) places you lived, acting like a cop." (Compl. at 11.) Plaintiffs take this allegation no further, but given their *modus operandi*, the Court assumes that the ending of the story is that Carroll did nothing in response to Plaintiffs' contact. As stated previously in this Memorandum, and in the Court's memoranda regarding the Plaintiffs' other cases, the failure to act on Plaintiffs' calls is not a civil rights violation. Additionally, this incident occurred well outside the two-year statute of limitations.

### K.     Claims Against Detectives Robert Gorman, Frank Dykes, & John Knowles

Although these individuals are listed in the caption, the Complaint contains no allegations against them. Retzler's response to their motion to dismiss refers to a telephone system in which calls are directed to individual detectives, who are then supposed to return the phone calls. Hand-written complaints also went unanswered. The failure to return a call or answer a note does not qualify as an allegation of a civil rights violation. These Defendants are dismissed from this lawsuit.

### L.     Claims Against Detective Terry Lachman

Plaintiffs' claims against Lachman also stem from Lachman's refusal to press charges against McAndrew, which does not rise to the level of a constitutional violation. Also, from the face of the Complaint, the facts giving rise to Retzler's allegations took place outside the statute of limitations. Lachman is dismissed from this action.

**IV.    CONCLUSION**

None of Plaintiffs' claims against these seventeen Defendants survive the motions to dismiss filed.  For the reasons above, the Court grants Defendants' motions to dismiss.  Having dismissed all claims that present a federal question, this Court declines to exercise supplemental jurisdiction over any state-law claims that Plaintiffs may be asserting.  *See* 28 U.S.C. § 1367(c)(3). An appropriate Order will be docketed with this opinion.